Fernando **LOPEZ–SANCHEZ,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–74760.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

Enrique Ramirez, Esq., Law Office of Enrique Ramirez, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jenny Smith, U.S. Attorney Office Northern Dist of Alabama, Birmingham, AL, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

**MEMORANDUM** **

Fernando Lopez–Sanchez, a native and citizen of Mexico, petitions for review of

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review for substantial evidence, *Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005), and deny the petition for review.

Substantial evidence supports the IJ's determination that Lopez–Sanchez was not eligible for asylum or withholding of removal because the unspecified threats made against his family and his fellow ranch workers did not constitute persecution. *See id.* at 1153–54 (noting that threats, without more, generally do not rise to the level of persecution). Further, substantial evidence supports the IJ's conclusion that Lopez–Sanchez failed to establish a well-founded fear of future persecution because his father continued to work as the ranch foreman for several years after his departure, and his family has remained in Mexico without incident. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996) (holding that petitioner's fear of persecution is undermined when similarly-situated family members continue to live in the country without incident).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED**